IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERIC H. LINDQUIST, P.C., L.L.O., | |
| Plaintiff, | 8:17CV4 |
| vs. | ORDER |
| JENNIFER D. SCHUTT; THE UNITED STATES OF AMERICA, ACTING THROUGH THE FARM SERVICE AGENCY, UNITED STATES DEPARTMENT OF AGRICULTURE; MICHAEL C. MOYER; PATRICIA M. SAMUELS; MARK D. ALBIN; and ZACH HEATING & COOLING, | |
| Defendants. | |

In this interpleader action, plaintiff Eric H. Lindquist, P.C., L.L.O. ("Lindquist"), successor trustee under a deed of trust covering a certain parcel of real estate located in Randolph, Nebraska, asks the Court to determine who is entitled to $36,251.25 in "surplus proceeds" from the sale of that real estate at a public foreclosure auction. Identifying them as potential claimants to those proceeds, Lindquist filed suit against Jennifer D. Schutt ("Schutt"); the United States of America, Acting through the Farm Service Agency, United States Department of Agriculture ("government"); Michael C. Moyer ("Moyer"); Patricia M. Samuels ("Samuels"); Mark D. Albin ("Albin"); and Zach Heating & Cooling ("Zach"), all of whom answered or otherwise responded to Lindquist's Complaint in Interpleader (collectively, "answering defendants"). Lindquist also named as defendants Scott D. Schutt ("Scott") and BankFirst ("BankFirst"), neither of whom answered or otherwise responded to the Complaint in Interpleader.

With the exception of Albin and Zach, who disclaim any interest and seek dismissal, the answering defendants each claimed an interest in the surplus proceeds.

Asserting its interest in the proceeds was superior to any other, the government filed a cross-claim against all of the interpleader defendants, seeking full payment of its claim of $22,195.69 plus interest.

On June 6, 2017, upon Lindquist's motion, the Clerk of Court entered default against Scott and BankFirst for failing to plead or otherwise defend this action (Filing No. 25). *See* Fed. R. Civ. P. 55. The Court granted Lindquist's subsequent motion for default judgment on July 5, 2017, determining that neither Scott nor BankFirst was entitled to any part of the surplus proceeds. *Id.*

Now pending before the Court is the government's unopposed motion for summary judgment (Filing No. 21) filed—as an interpleader defendant—pursuant to Federal Rule of Civil Procedure 56. According to the government, summary judgment is appropriate because Lindquist and the answering defendants have resolved all disputes and reached an agreement as to the proper distribution of the surplus proceeds as follows:

| Party | Amount |
|---|---|
| Lindquist | $4,500.00 |
| Government | $22,195.69 |
| Schutt | $1,231.09 |
| Moyer | $8,324.47 |
| Total: | $36,251.25 |

The government reports "no other funds are available for distribution" and Samuels, Albin, and Zach have agreed they would take nothing.

In support of its motion, the government has attached a Joint Stipulation for Distribution of Surplus Sale Funds ("Joint Stipulation") signed by Lindquist, the government, Schutt, Moyer, Albin, and Zack, indicating the signatories agree the proceeds should be distributed as described above and asking for a court order consistent

with the stipulation. Upon notice to the parties that Samuels had not signed the Joint Stipulation in her individual capacity, Samuels filed a Consent to Judgment (Filing No. 30), in which she expressly "consents to entry of judgment and to the distribution of surplus sale proceeds as outlined in the Joint Stipulation."

Based on the foregoing, the Court finds the government's unopposed motion for summary judgment should be granted and the $36,251.25 in surplus proceeds should be distributed in accordance with the parties' agreement as set forth in the Joint Stipulation. Accordingly,

IT IS ORDERED:

1. The government's unopposed motion for summary judgment (Filing No. 22) is granted.
2. Plaintiff Eric H. Lindquist, P.C., L.L.O. shall distribute the $36,251.25 of surplus proceeds at issue in this case in accordance with the parties' agreement as set forth in the Joint Stipulation and described in this Order.
3. The government's cross-claim is dismissed as moot.
4. This case is dismissed with prejudice.
5. The Court will not assess any attorney fees and costs.
6. A separate judgment will be entered this date.

Dated this 19th day of July, 2017.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge